IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ENRIQUE CARDONA,                      )
TDCJ #1307907,                        )
          Plaintiff,                   )
                                      )
v.                                    )          Civil No. 7:11-CV-013-O
                                      )
OFFICER ARIAS, *et al.*,              )
          Defendants.                  )

MEMORANDUM OPINION AND ORDER

       This is a civil rights action brought pursuant to the provisions of Title 42, United States Code, Section 1983.  At the time of the incidents giving rise to this lawsuit, Plaintiff was an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas.  The Defendants are employees of the Texas Department of Criminal Justice.

       Plaintiff Enrique Cardona alleges the following civil rights violations:

     1.     use of excessive force;
     2.     deliberate indifference to his health and safety;
     3.     unlawful retaliation;
     4.     failure to intervene and stop the use of excessive force;
     5.     denial of medical care;
     6.     breach of and complete disregard for TDCJ guidelines;
     7.     conspiracy to cover up constitutional violations; and,
     8.     false disciplinary action.

*See* Plaintiff's Amended Complaint.  In an attempt to better understand the factual basis of Plaintiff's claims, a questionnaire was previously issued to him by the Court.  Plaintiff filed his answers and,

for purposes of the Court's review at this stage of litigation, the facts stated by Plaintiff are assumed

to be true.[1]  However, conclusory allegations and legal conclusions are insufficient to state a claim.

Excessive Force

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that

force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and

sadistically to cause harm ....'"  *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson*

*v. McMillian*, 503 U.S. 1, 7 (1992)).

Plaintiff states that certain members of a "use-of-force team," Defendants Taylor, Denny, and

Capps used excessive force against him on February 5, 2009.  Plaintiff claims that, after being placed

in handcuffs, he was slammed to the floor and beaten by these Defendants.  Plaintiff's Amended

Complaint pp. 8-17; Plaintiff's Answer to the Court's Question No. 17.  Plaintiff has stated a

colorable claim of excessive force against Defendants Taylor, Denny, and Capps.

Plaintiff alleges that, on January 2, 2009, Defendant Arias used excessive force against him

by slamming him to the floor while he was restrained in handcuffs.  Plaintiff's Amended Complaint

p. 2.  Plaintiff concedes that he attempted to sit down while being escorted to his cell by Arias and

that Arias tried to drag him to his cell and then slammed him to the floor.  Plaintiff's Answer to the

Court's Question No. 21.

---

[1] The Court notes that Plaintiff filed his answers to the Court's questions prior to filing his amended complaint.  However, he has not added any new Defendants and the claims against the currently named Defendants arise out of the same facts and circumstances as those set forth in his original complaint. Therefore, Plaintiff's answers to the Court's questions remain applicable to the instant claims.

While it is unfortunate that the situation escalated to the point that force was used, Plaintiff cannot prevail on this claim.  In situations such as this, "[prison officials] are entitled to wide-ranging deference."  *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force).  "The amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed."  *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)).  The use of force does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner.  *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975); *see Williams v. Hoyt*, 556 F.2d 1336, 1339-40 (5th Cir. 1977) (affirming jury verdict for the defendants where evidence was sufficient to show that mace was used only for the control of unruly prisoners and was, therefore, not excessive).  Plaintiff presents no facts which could show that the use of force by Arias was applied maliciously and sadistically in an effort to cause him harm.  *See* Plaintiff's Answers to the Court's Questions No. 21.  Rather, according to Plaintiff's own account of the incident, force was used in an effort to return him to his cell after he attempted to sit down while being escorted.

<u>Deliberate Indifference</u>

Plaintiff claims that Defendants Taylor, Denney, Shults, Burton, and Capps were deliberately indifferent to his health and safety when, after the use of force, they placed him back into his cell which was full of gas and refused to allow him to clean the gas used on him from his body thereby prolonging his pain and suffering.  Based upon the allegations set forth in Plaintiff's Amended Complaint, there are facts at issue which preclude any determination on the merits of this claim.  The Court will therefore allow this claim to proceed.

Unlawful Retaliation

Plaintiff alleges unlawful retaliation on the part of Defendants Taylor, Arias, Denney, Burton, Capps, Gonzalez, Boyle, and Harris. *See* Plaintiff's Amended Complaint.  State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986).  In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166).  This places a significant burden on the inmate.  Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988).  The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).  Trial courts are required to carefully scrutinize civil rights actions based on claims of retaliation as those claims "must [] be regarded with skepticism." *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).  A plaintiff's bare assertion of retaliation, without any supporting facts, is insufficient to state a claim under 42 U.S.C. § 1983. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (prisoner must show more that "personal belief" to establish retaliation).

-4-

Although he was given ample opportunity to set forth the facts underlying his complaint, Plaintiff Cardona has failed to allege any scenario which could show that, but for a retaliatory motive, in retaliation for exercising a constitutional right, the incidents of which he complains would not have occurred.  *See* Plaintiff's Amended Complaint pp. 10, 12, 15, 17, 18, & 20; Plaintiff's Answers to the Court's Questions No. 21-25 & 31-33.  Plaintiff's allegations of retaliation are conclusory in nature and, as such, fail to state claims under the Civil Rights Act.  *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).  Plaintiff's subjective belief that Defendants had retaliatory motives is insufficient to maintain this claim.

<u>Failure to Intervene and Stop the Use of Excessive Force</u>

Plaintiff next claims that Defendants Burton, Alvarado, and Shults failed to intervene and stop the use of excessive force.  Prison guards who witness the beating of an inmate and fail to exercise a reasonable opportunity to intervene may be found culpable depending on the facts and circumstances.  *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).  Absent additional factual development, the Court cannot find that Plaintiff's claim is with or without merit.  Therefore, Plaintiff will be allowed to proceed with this allegation.

<u>Denial of Medical Care</u>

Plaintiff next claims that he was denied medical care by Defendants Taylor, Denney, Burton, and Capps refused to provide him with an antihistamine ointment and sodium "lucarbionate"

ethylene glycol to decontaminate himself and refused to let him take a shower to wash away chemical agents. Plaintiff's Amended Complaint pp. 10, 12, 13, & 17. Plaintiff further claims that Nurse Fox denied him medical care when she refused to take him to the medical department and refused to document his injuries that resulted from the use of force. *Id.* at pp. 18-19.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).

Plaintiff concedes that he was seen by Nurse Fox immediately after the use of force. However, he disagrees with her assessment that he had no injuries. In support of his claim that Nurse Fox denied him medical care, Plaintiff states that he was taken to the emergency room the next day for treatment of his injuries. Plaintiff's Answer to the Court's Question No. 34. Therefore, the gravamen of Plaintiff's medical care complaint is that Defendant Fox delayed his access to medical care for one day after the use of force by stating that he had no injuries. Plaintiff makes no claim that

the alleged one-day delay resulted in any harm.  Absent substantial harm, Plaintiff cannot prevail on his claim of delay.  To the extent that Plaintiff is asserting a claim based upon negligence, relief is unavailable under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

With regard to Plaintiff's "medical care" claim against members of the use-of-force team, Taylor, Denney, Burton, and Capps, this is the same claim that Plaintiff has raised under his "deliberate indifference" allegation above.  Plaintiff is proceeding on this claim.

<u>Breach of and Complete Disregard for TDCJ Guidelines</u>

Next, Plaintiff claims that Defendants disregarded and breached TDCJ guidelines.  Plaintiff alleges that Defendants breached their official duties when they failed to follow TDCJ guidelines, rules, and policies, failed to abide by professional standards and duties, and failed to submit truthful and accurate records.  Plaintiff's Amended Complaint pp. 9, 12, 13, 14, 17, 18, & 21.

Absent a claim of some constitutional violation, a Plaintiff cannot prevail on a claim that State agency rules, policies, or guidelines were violated.  Where a violation of state law results in a constitutional violation, a plaintiff may have a cause of action under the Civil Rights Act.  *Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 464 (5th Cir. 1994) (citing *Miller v. Carson*, 563 F.2d 757, 760 n.7 (5th Cir. 1977) and *Sims v. Adams*, 537 F.2d 829, 831-32 (5th Cir. 1976)).  However, if no constitutional deprivation is established, there can be no liability under § 1983.  Allegations of state law violations, without more, are insufficient to maintain constitutional claims.  *See e.g., Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (noting that violations of state law do not become constitutional violations just because the defendant is a state official); *Diamond v. Thompson*, 364

F.Supp. 659, 662 (M.D. Ala. 1973) (stating that federal courts "will intervene in the administration of the prison system only where it is necessary to preserve constitutional rights."); *Taylor v. Sterrett*, 600 F.2d 1135 (5th Cir. 1979) (requiring district court that had intervened on basis of state law violation to discontinue exercise of its jurisdiction and dismiss the cause). Assuming the truth of Plaintiff's allegations, his claim that TDCJ procedures, rules, and guidelines were not followed does not state a constitutional violation.

<u>Conspiracy to Cover up Constitutional Violations</u>

Plaintiff claims that Defendants conspired to cover up the use of excessive fore, the denial of medical care, the deliberate indifference to his health and safety, and the false disciplinary action taken against him. Plaintiff's Amended Complaint pp. 15-21.

"In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds*, *Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). To establish the existence of a conspiracy, "a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).

In the instant case, Plaintiff makes no such claim. He has failed to allege that Defendants conspired (i.e. - made an agreement with anyone) to commit an illegal act. *See* Plaintiff's Answers to the Court's Questions No. 21-37. Plaintiff's conclusory allegations of conspiracy are insufficient to maintain this claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.

1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).

False Disciplinary Action

Finally, Plaintiff claims that a false disciplinary charge of attempted assault was brought against him and that he was denied due process during the disciplinary proceeding.  Plaintiff's Answers to the Court's Questions No. 31, 32, 33.

Plaintiff cannot prevail on his claim of false disciplinary action.  Absent a violation of his constitutional rights, Plaintiff cannot recover under the Civil Rights Act.  An inmate who is entitled to mandatory supervised release may have a constitutionally protected liberty interest in earned good time credits such that due process attaches to any proceeding in which such credits are revoked. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).  However, where a favorable determination in a civil rights action would automatically entitle a prisoner to accelerated release, he must obtain a favorable habeas judgment prior to seeking redress under § 1983.  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *see also, Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that the proper avenue to seek restoration of lost good-time credits is a habeas corpus proceeding rather than a civil rights action).

Even if Cardona were entitled to mandatory supervised release, and thus had a constitutionally protected liberty interest at stake, he has not shown that the results of the disciplinary proceeding have been reversed, invalidated or otherwise called into question.  Thus, his civil rights

claims, if any, are currently barred under the Supreme Court's decision in *Heck v. Humphrey*, 512

U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim based

on allegations that would necessarily imply the invalidity of a disciplinary hearing is not cognizable

in a civil rights action unless the disciplinary action has been reversed, expunged or otherwise

invalidated).

<u>Defendants Norwood and Williams</u>

Plaintiff claims that Defendant Tommy Norwood, who signed off on various grievances filed

by Plaintiff, was deliberately indifferent to Plaintiff's complaints and deliberately indifferent to the

conduct of the officers he supervised. Plaintiff's Amended Complaint p. 21. Plaintiff claims that

Norwood's investigative procedures were deficient and that Norwood failed to correct the abusive

behavior of his subordinates. *Id.*

With regard to Defendant Williams, Plaintiff alleges that Williams failed to terminate the

employment of Defendant Taylor despite Taylor's history of assaulting inmates and that Williams

failed to properly train and supervise his subordinates. Plaintiff's Amended Complaint p. 22.

A prison official may not be held liable for civil rights violations merely for handling

grievances in a manner considered unsatisfactory by an inmate. *Cooper v. Bowles*, 1997 WL 361879

*3 (N.D. Tex., June 20, 1997). Plaintiff has failed to articulate facts which could demonstrate that

Norwood violated his constitutional rights with regard to Plaintiff's grievances. Therefore, Plaintiff

cannot recover against Norwood on this claim.

Similarly, Norwood and Williams cannot be held responsible for the alleged acts or

omissions of their subordinates because there is no *respondeat superior* or vicarious liability in the

context of a § 1983 claim. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff has offered no facts which could indicate that these Defendants failed to properly supervise or train their subordinates. *See* Plaintiff's Answer to the Court's Questions No. 35 & 36. A plaintiff cannot make generalized allegations, nor can he support a claim based on any theory of vicarious liability. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir. 1984). There must be an affirmative link between the incident and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976). Plaintiff has not stated facts which could demonstrate any such link between acts of Norwood or Williams. Moreover, Plaintiff's failure-to-train theory squarely contradicts his claim that the use of excessive force and cover-up was the result of an intentional conspiracy among the Defendants.

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which, if taken as true, would indicate that he is entitled to recovery under the Civil Rights Act against Defendants Arias, Fox, Gonzalez, Boyle, Harris, Norwood, or Williams.

The Court finds that, due to the numerous claims, numerous Defendants, and voluminous pleadings filed in this action, judicial efficiency will be served by severing Plaintiff's claims of (1)

excessive force, (2) deliberate indifference, and (3) failure to intervene and stop the use of force from this case and opening a new civil action.

The Clerk of Court shall open a new case styled **Cardona v. Taylor**. The Defendants are Orlando Taylor, Timothy Denney, Lt. Burton, Sgt. Capps, Miguel Alvarado, and Rebecca Shults.

It is ORDERED that Plaintiff's claims of retaliation, denial of medical care, breach of TDCJ guidelines, conspiracy, and false disciplinary action are DISMISSED.

It is further ordered that Defendants Arias, Fox, Gonzalez, Boyle, Harris, Norwood, and Williams are DISMISSED as parties to this action.

To the extent, if any, that Plaintiff presents claims cognizable in a federal habeas proceeding, such claims are DISMISSED without prejudice.

A copy of this order shall be transmitted to Plaintiff.

SO ORDERED this 31st day of March, 2014.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**